**NORTH SIDE CANAL CO., Limited, v.
IDAHO FARMS CO.**

No. 9049.

Circuit Court of Appeals, Ninth Circuit.

Feb. 2, 1940.

For former opinion of Circuit Court of Appeals, see 107 F.2d 481, reversing decree of District Court in 24 F.Supp. 189.

Wayne A. Barclay, of Jerome, Idaho, Richards & Haga, of Boise, Idaho, and Frank L. Stephan and J. H. Blandford, both of Twin Falls, Idaho, for appellant.

Edwin Snow, of Boise, Idaho, and A. F. James, of Gooding, Idaho, for appellee.

Before GARRECHT, HANEY, and HEALY, Circuit Judges.

HEALY, Circuit Judge.

Appellee has petitioned for a rehearing on the ground that the court failed to no-tice a controversial point involving appellant's maintenance lien for 1935.

An Idaho statute (§ 41-1905, Idaho Code) relating to the maintenance liens of canal companies provides that such lien does not bind the land for a longer period than two years "unless proceedings be commenced in a proper court within that time to enforce such lien."

Appellee sought to quiet its title as against appellant's claimed maintenance liens, asserting that the latter were invalid, for reasons noted in our opinion, 107 F.2d 481. The pleadings at no time presented a formal issue concerning the statute of limitations as affecting appellant's rights. The statutory period for the foreclosure of the 1935 maintenance lien had not expired at the time the suit to quiet title was filed. During the progress of the trial the Canal Company offered evidence of the timely commencement by it of suits in the state court to foreclose its liens for 1935 and 1936. On appellee's objection this evidence was excluded, apparently on the ground that the suits had been filed after the institution of the action in the federal court and that the latter had exclusive jurisdiction of the subject matter; hence, that the foreclosures had not been begun in a "proper court", as contemplated by the statute.

Among the findings was one to the effect that "the lien claimed by defendant by reason of its assessment for maintenance and operation for the year 1935 no longer binds in any respect any of plaintiff's property, no evidence having been presented herein that proceedings were commenced in a proper court to enforce such lien within the period prescribed by § 41-1905 Idaho Code." A provision of the decree is to the same effect.

■ The proffered evidence of the institution of suits to foreclose the Canal Company's lien for 1935 was directed to a purely collateral matter. The mere exclusion of such evidence did not serve to import into this case any issue concerning the validity of the maintenance lien as affected by the statute of limitations. We think appellee's right to the relief sought by it should have been determined as of the time it commenced its action.

■ It may be conceded that the federal court had power to vindicate its own exclusive jurisdiction of the subject matter, and for this purpose might have enjoined the commencement or continued prosecution of the state court suits, or ordered their abate-

ment pending the determination of the controversy in the federal court. However, this course was not pursued. If, under these circumstances, appellee believed the state court was not a "proper court" in which to foreclose the claimed maintenance lien, it was at liberty to plead the statute in the suits there. The state court was competent to determine whether appellant's suits were filed within the time limited and in the proper tribunal. In this posture of the controversy, we think appellee should be confined to its remedy in the collateral suits.

Rehearing denied.